PHILLIP A. TALBERT
Acting United States Attorney
KEVIN C. KHASIGIAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>APPROXIMATELY $15,000.00 IN U.S. CURRENCY,<br><br>        Defendant. | Case No.:  2:19-MC-00217-MCE-EFB<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On June 6, 2019, inspectors with the United States Postal Inspection Service ("USPIS") seized Approximately $15,000.00 in U.S. Currency (hereafter "defendant currency") during a USPIS postal interdiction of Priority Mail Express parcels at a U.S. Postal facility in Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about August 27, 2019, USPIS received a claim from Ronald Garvin ("Garvin" or "claimant") asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on June 6, 2019, USPIS conducted a postal interdiction of Priority Mail Express parcels at a U.S. Postal facility in Sacramento, California.  During the interdiction, law enforcement officials identified a parcel that bore

markers consistent with parcels used for shipping contraband.  The Priority Mail parcel # EL 53 8169999 US was addressed to Celestino Andrade ("Andrade") at 327 Leon Ave, Modesto, California, with the following return address: Ronald Garvin ("Garvin"), 9313-b Old Hastings Rd, Hastings, Florida.

4. The United States represents that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

5. The United States represents that it could further show at a forfeiture trial that on June 6, 2019, law enforcement contacted Andrade by telephone to request consent to open the parcel mailed to his address.  Andrade stated that he did not speak English and had his girlfriend, Norma Contreras ("Contreras"), translate over the phone.  Contreras stated that Andrade was expecting a parcel with $15,000 for a vehicle they sold. Andrade advised that the currency was for two vehicles, a Buick Enclave and a Honda Civic. Andrade advised that $5,000 was to hold the Honda, and prior parcels containing $1,000 each were sent to hold the vehicles from being sold to other parties.  Contreras stated that the Honda belongs to a family member, Maria Velez. Contreras stated the buyer was Garvin, a friend of her nephew.  After obtaining consent from the sender, law enforcement opened the package and discovered $15,000.00 inside an inner box.  Within the box were 15 bundles of U.S. Currency wrapped in elastic bands.  A later bank count of the cash seized from the parcel totaled $15,000.00.  A denominational breakdown of the seized currency revealed 245 $20 bills, 12 $50 bills, and 95 $100 bills.

6. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency.  Ronald Garvin hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

8. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

11. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

12. Upon entry of this Consent Judgment of Forfeiture, $8,000.00 of the Approximately $15,000.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

13. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $7,000.00 of the Approximately $15,000.00 in U.S. Currency shall be returned to claimant Ronald Garvin through his attorney Mark J. Reichel.

14. Claimant hereby releases the United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides: "A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

15. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

16. All parties will bear their own costs and attorney's fees.

17. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated:  August 12, 2021

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE